HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LAURO AGUILAR-CANCHE, a/k/a "Flaco",<br><br>Defendant. | Case No. CR06-5351RBL<br><br>ORDER |

THIS MATTER comes on before the above-entitled Court upon various motions filed by Defendant Lauro Aguilar-Canche.

Having considered the entirety of the records and file herein, the Court rules as follows:

Lauro Aguilar-Canche, together with ten co-defendants[1], is charged in an eleven count Second Superseding Indictment with conspiracy to distribute methamphetamine, cocaine, and heroin and separate counts of possession of methamphetamine and cocaine with intent to distribute. The government also seeks the forfeiture of real property obtained as a result of the alleged offense and firearms used or intended to be used in the commission of the alleged criminal offense. The defendant moves to dismiss the indictment against him, seeks to sever his case from that of his co-defendants, and requests disclosure of various categories of evidence.

---

[1] Defendant Gustavo Gallo-Martinez is a fugitive. Defendants Elena Castaneda-Pulido and Carlos McPhie have entered guilty pleas to Count 1 of the Second Superseding Indictment.

ORDER
Page - 1

MOTION TO DISMISS INDICTMENT

Lauro Aguilar-Canche moves to dismiss the charges in the indictment against him arguing that the evidence is insufficient to connect him to the conspiracy and to the possession of the methamphetamine and cocaine found in his residence.

Fed. R. Crim. P. 12(b) provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Pretrial motions are generally "capable of determination" before trial if they "involve questions of law rather than fact." *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986) (citations omitted). "If the pretrial claim is 'substantially founded upon and intertwined with' evidence concerning the alleged offense, the motion falls within the province of the ultimate finder of fact and must be deferred." *Id*.

Here, the government indicates that their evidence will show that Lauro Aguilar-Canche, referred to as "Flaco", was heard on intercepted phone calls discussing narcotics transactions with cooperating co-defendant Castaneda-Pulido. Castaneda-Pulido has identified the defendant as "Flaco". Furthermore, the government indicates that after one such intercepted phone call wherein the defendant told Castaneda-Pulido that his brother would be coming to Castaneda-Pulido's residence, co-defendants Carlos Aguilar-Canche and Eduardo Gomez-Ramirez were observed arriving at the residence, entering the residence, then exiting and placing a bag in their vehicle. The co-defendants left Castaneda-Pulido's residence in Tacoma and were followed by law enforcement back to their residence (and the residence of Lauro Aguilar-Canche) in Kalama, Washington. Subsequently, a search was conducted at Lauro Aguilar-Canche's residence and methamphetamine and cocaine were seized. Because the defendant's motion to dismiss the indictment seeks a pretrial determination of fact that is "'substantially founded upon and intertwined with' evidence concerning the alleged offense," the motion shall be denied.

MOTION TO SEVER DEFENDANTS

The defendant seeks to sever his case from that of his co-defendants arguing that overwhelming evidence against his co-defendants (and presumably slight evidence against him) would prejudice him because the jury would not be able to segregate his case from that of his co-defendants. He also alleges that the government's use of his co-defendants' statements against him in violation of *Bruton v. United States*, 391 U.S. 123 (1968) requires severance.

Fed. R. Crim. P. 8 controls the joinder of offenses and defendants and Fed. R. Crim. P. 14(a) provides the mechanism for relief from prejudicial joinder. Rule 8(b) provides that two or more defendants may be charged in the same indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Rule 14(a) provides that if the joinder of offenses or defendants prejudices a defendant, "the court may order separate trials of counts, sever the defendants trials, or provide any other relief that justice requires."

Generally, defendants properly indicted together should be tried together. The public has a substantial interest in the joint trial of defendants who are indicted together. *United States v. Camacho*, 528 F.2d 464, 470 (9th Cir.), *cert. denied sub. nom. Raygoza v. United States*, 425 U.S. 995 (1976). Joint trials are favored due to the risk of inconsistent verdicts in separate trials. *See Zafiro v. United States*, 506 U.S. 534, 537 (1993). Severance is not required unless "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants" or a joint trial would "prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. Here, the defendant has not shown that a joint trial would violate a specific trial right[2] or that a jury will not be able to compartmentalize the evidence as it relates to the separate defendants. *United States v. Vasquez-Velasco*, 15 F.3d 833, 846 (9th Cir. 1994).

The defendant also argues that the use of a co-defendants' statements against him requires severance under *Bruton v. United States*. However, the *Bruton* issue is moot because Castaneda-Pulido has pleaded guilty and has agreed to testify for the government. She will be subject to cross-examination thus removing the potential *Bruton* issue. Therefore, defendant's motion to sever shall be denied.

MOTION TO DISCLOSE IDENTITY OF CONFIDENTIAL INFORMANTS

Laura Aguilar-Canche seeks the names of the confidential informant(s) used by the government in its investigation. The defendant is only entitled to the disclosure of the informants' identities where it would be relevant and helpful to the defense or essential to a fair determination of the cause. *Rovario v. United States*, 353 U.S. 53, 60-61 (1957). The defendant bears the burden of demonstrating the need for disclosure. *United States v. Williams*, 898 F.2d 1400, 1402 (9th Cir. 1990). The government has indicated that the informant(s) are still working with law enforcement on other cases and that their disclosure could jeopardize ongoing investigations. Furthermore, the government indicates that Lauro Aguilar-Canche's arrest was not based on

---

[2]The *Bruton* issue will be discussed *infra*.

information obtained from the informant(s). The government indicates that the informant(s) dealt solely with other co-conspirators sometime prior to the search that led to defendant's arrest. This Court must therefore balance the extent that the informants' disclosure would benefit the defense with the government's interest in protecting the informants' identity. *United States v. Spires*, 3 F.3d 1234, 1238 (9th Cir. 1993).

In this case given the fact that the informant(s) did not deal with this defendant and would thus appear to have little or no information regarding Lauro Aguilar-Canche and given the government's continued use of the informant(s) in other investigations, the defendant has failed to demonstrate that his need for disclosure outweighs the government's need to protect the informants' identity. Therefore defendant's motion to disclose the identity of the confidential informant(s) shall be denied.

MOTION FOR GRAND JURY TRANSCRIPTS AND MOTION FOR RULES 404(b) AND 609 EVIDENCE

The government indicates that it has provided discovery, and will continue to provide discovery on an ongoing basis, and will provide grand jury transcripts prior to trial notwithstanding the timing requirements contained in the Jenks Act. The Court takes the government at its word. If after following the dictates of CrR 16(i), Local Rules W.D. Wash., either party believes that they have been denied allowable discovery, a subsequent motion may be brought before the Court. At this time, however, defendant's motions for grand jury transcripts and Rules 404(b) and 609 evidence shall be denied without prejudice.

Based upon the foregoing, Defendant's Motion to Dismiss the Indictment [Dkt. #141] is **DENIED**; Defendant's Motion to Sever Defendants [Dkt. #143] is **DENIED**; Defendant's Motion to Disclose Identity of Confidential Informants [Dkt. #144] is **DENIED**; Defendant's Motion to Join Co-Defendant's Motions (of which there are none pending) [Dkt. #145] is **GRANTED**; Defendant's Motion Re: Grand Jury Transcripts [Dkt. #146] and Defendant's Motion Re: Disclosure of Rules 404(b) and 609 Evidence [Dkt. #147] are **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

//
//
//
//
//

1   The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing
2   pro se.
3   Dated this 5th day of January, 2007.

　　　　　　　　　　　　　　　　　*/s/ Ronald B. Leighton*
　　　　　　　　　　　　　　　　　RONALD B. LEIGHTON
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE